UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LORETTA POWELL,
    Plaintiff,

v.                             **Case No. 8:10-CV-01558-EAK-TBM**

ACCURATE INVENTORY AND
CALCULATING SERVICES,
    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION, PLAINTIFF'S MOTION FOR LEAVE TO AMEND, PLAINTIFF'S MISCELLANEOUS MOTIONS FOR RELIEF, AND DEFENDANT'S MOTION FOR ATTORNEY'S FEES

This cause is before the Court on Plaintiff's Motion for Reconsideration (Doc. 25),

Plaintiff's Motion for Leave to Amend (Doc. 26), Plaintiff's Motions for Miscellaneous Relief

(Docs. 33 and 34), Defendant's responses thereto (Docs. 27 and 35), and Defendant's Motion for

Attorney's Fees (Doc. 32).

At bottom, Plaintiff's Motion to Reconsider (Doc. 25) and both of Plaintiff's Motions for

Miscellaneous Relief (Docs. 33 and 34) are reincarnated attempts to convince this Court that

Plaintiff has sued the proper party and that this Court's order granting Defendant's Motion to

Dismiss (Doc. 24) was made in error. While this Court has recognized "three major grounds

justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of

new evidence; [and] (3) the need to correct clear error or prevent manifest injustice," *Sussman v.

Salem. Saxon & Nielsen. P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994), "[t]he Court will not

reconsider when the motion does not raise new issues but only relitigates what has already been

found lacking." *Reyher v. Equitable Life Assurance Soc'y of the United States*, 900 F. Supp. 428,

430 (M.D. Fla. 1995) (citing *Gov't Pers. Servs., Inc. v. Gov't Pers. Mut. Life Ins. Co.,* 759 F.

Supp. 792 (M.D. Fla. 1991)). The litany of out-of-circuit bankruptcy cases cited by Plaintiff are inapposite to the question at hand and certainly fail to satisfy any of the three grounds for reconsideration listed above. This is especially so given that reconsideration of a previous order is an "extraordinary remedy to be employed sparingly." *Wendy's Int'l v. Nu-Cape Constr.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996) (citing *Pa. Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522 (E.D. Pa. 1992)). Therefore, and because Plaintiff's Motion to Reconsider (Doc. 25) and both of Plaintiff's Motions for Miscellaneous Relief (Docs. 33 and 34) merely attempt to rehash issues previously decided by this Court, those motions will be denied.

All is not lost for the Plaintiff, however. Plaintiff's "Emergency Memorandum to Prove She Sued the Right Entity and That the Defendant(s) Has Fraud This Court Therefore Request Consent to Amend [*sic*]" (Doc. 26) at first glance appears to be yet another meritless attempt to prove that Plaintiff has sued the proper entity. If that were the end of the story, the Court would deny the motion. The Court also construes this pleading, however, to request leave to amend Plaintiff's complaint in response to the Court's dismissal of this action (Doc. 24).

While Plaintiff's complaint has already been dismissed (Doc. 24), it is well within this Court's authority to grant Plaintiff leave for a post-dismissal amendment of her complaint. *See Czeremcha v. Int'l Assoc. of Machinists & Aerospace Workers*, 724 F.2d 1552, 1556 (11th Cir. 1984) ("[A]fter a complaint is dismissed the right to amend under Rule 15(a) terminates; the plaintiff, however, may still move the court for leave to amend, and such amendments should be granted liberally."); *see also Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993) ("We note that had the [plaintiffs] moved to amend their complaint after dismissal . . . the district court would have been well within the bounds of its discretion to allow the amendment."); *Freeman v. Rice*, 339 F. App'x 540, 544 (11th Cir. 2010)

2

(explaining that post-dismissal leave to amend is permissible in certain circumstances). "The

decision whether to grant leave to amend is within the sound discretion of the trial court."

*Jameson v. Arrow Co.*, 75 F.3d 1528, 1534–1535 (11th Cir. 1996) (citing *Foman v. Davis,* 371

U.S. 178, 182 (1962)). While technically not a Rule 15 motion to amend, Rule 15(a) nonetheless

provides guidance as to the "liberal[]" standard to be applied in determining whether to grant

Plaintiff leave to amend her complaint. *Czeremcha*, 724 F.2d at 1556. The Supreme Court has

explained the contours of Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper
> subject of relief, he ought to be afforded an opportunity to test his claim on the
> merits. In the absence of any apparent or declared reason—such as undue delay,
> bad faith or dilatory motive on the part of the movant, repeated failure to cure
> deficiencies by amendments previously allowed, undue prejudice to the opposing
> party by virtue of allowance of the amendment, futility of amendment, etc.—the
> leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182.

In light of the fact that the "Federal Rules of Civil Procedure are designed to . . .

facilitate a proper ruling on the merits," *Diaz v. Jaguar Restaurant Group, LLC*, 627 F.3d

1212, 1214 (11th Cir. 2010), and considering Plaintiff's *pro se* status, this Court finds

that the interests of justice are best served by allowing Plaintiff a limited opportunity to

amend her complaint. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.

1998) (per curiam) ("Pro se pleadings are held to a less stringent standard than pleadings

drafted by attorneys and will, therefore, be liberally construed.").

Defendant counters that Plaintiff should not be given leave to amend her

complaint because any amendment would be futile, i.e., the amended complaint would

still be subject to dismissal. *See* Doc. 27; *Burger King Corp. v. Weaver*, 169 F.3d 1310,

1320 (11th Cir. 1999) ("Denial of leave to amend is justified by futility when the

complaint as amended is still subject to dismissal."). Defendant's argument is not well-taken. At this juncture, the Court has only ruled that Plaintiff sued the wrong entity, not that her claim is necessarily frivolous or lacking in merit. The substitution of the proper party into this case is far from futile—in fact, it might save Plaintiff's claim altogether. Plaintiff's Motion for Leave to Amend (Doc. 26) will therefore be granted in part, but *only* to allow Plaintiff to name the proper defendant in this case.[1] This Court will *not* entertain any further claims against the current Defendant, Accurate Inventory and Calculating Services, Inc.

Finally, Defendant requests attorney's fees pursuant to 42 U.S.C. §2000-e(5)(k), which gives this Court discretion to grant the prevailing party attorney's fees only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421 (1978). This Court will proceed with particular caution when considering an award of attorney's fees against a *pro se* plaintiff. *Cf. Hughes v. Rowe*, 449 U.S. 5, 15 (1980) (per curiam) (holding that the *Christiansburg* limitations apply "with special force" when considering motions for attorney's fees against pro se prisoners). At this juncture, the Court cannot say that Plaintiff's claim is "frivolous, unreasonable, or without foundation." *Christiansburg*, 434 U.S. at 421. Based upon that finding, in addition Plaintiff's position as a pro se litigant (which renders her lack of familiarity with the nuances of federal civil procedure somewhat more understandable), this Court declines to exercise its discretion to award attorney's fees to Defendant.

---

[1] According to Defendant's Motion to Dismiss, the proper defendant in this case should be Independent Inventory Service, Inc. (Doc. 9).

4

That said, Plaintiff is admonished that the use of "emergency" motions or petitions to this Court should be reserved for instances when grave harm is imminent, and that Plaintiff's wish to have the Court rule upon her pending motions does not, and will never, constitute an appropriate justification for the use of the "emergency motion" apparatus. *See* M.D. Fla. R. 3.01(e) ("The unwarranted designation of a motion as an emergency motion may result in the imposition of sanctions."). Nonetheless, Defendant's motion for attorney's fees is denied. Accordingly, it is

**ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 25), Plaintiff's Motions for Miscellaneous Relief (Docs. 33 and 34), and Defendant's Motion for Attorney's Fees (Doc. 32) are **DENIED**; Plaintiff's Motion for Leave to Amend (Doc. 26) is **GRANTED IN PART** in that Plaintiff will be permitted to amend her complaint to name the proper party as defendant, and **DENIED IN PART** in all other respects. Plaintiff has ten (10) days from this date to amend her complaint and name the proper defendant. The service of the defendant will be affected either by the plaintiff or otherwise depending on the outcome of the motion to proceed *in forma pauperis*.

**DONE AND ORDERED** in Chambers, in Tampa, Florida this ⎳ day of April, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.

5