UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LORETTA M. POWELL,

    Plaintiff,

v.                                      Case No. 8:10-cv-1558-T-17TBM

ACCURATE INVENTORY and
CALCULATING SERVICES, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on **Pro Se Plaintiff Loretta M. Powell's Motion for Leave to Appeal in Forma Pauperis** (Doc. 55). By her motion, Plaintiff seeks in forma pauperis status to pursue an appeal. For the reasons set forth below, I recommend Plaintiff's motion (Doc. 55) be denied.

Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915 govern the determination of applications to proceed in forma pauperis on appeal. *See Ex parte Chayoon*, 2007 WL 1099088, No. 6:06-cv-1812-Orl-19JGG (M.D. Fla. Apr. 10, 2007). Rule 24(a) of the Federal Rules of Appellate Procedure provides in part:

> **(3) Prior Approval.** A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless:
> (A)    the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in

> forma pauperis and states in writing its reasons for the
> certification or finding; or
> (B)    a statute provides otherwise.

Fed. R. App. P. 24(a)(3).

Similarly, § 1915 provides, in pertinent part:

> [A]ny court of the United States may authorize the
> commencement, prosecution or defense of any suit, action or
> proceeding, civil or criminal, or appeal therein, without
> prepayment of fees and costs or security therefor, by a person
> who submits an affidavit that includes a statement of all
> assets such [person] possesses that the person is unable to
> pay such fees or give security therefor.  Such affidavit shall
> state the nature of the action, defense or appeal and affiant's
> belief that the person is entitled to redress.
> ***
> an appeal may not be taken in forma pauperis if the trial
> court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1), (3).  The statute provides further that the court must dismiss a case at any time if it determines that the allegation of poverty is untrue or the action or appeal is frivolous or malicious.  *Id.* at (e)(2)(A), (B).  Thus, two requirements must be satisfied for a party to prosecute an appeal in forma pauperis: (1) the party must show an inability to pay, and (2) the appeal must be brought in good faith.

Although the court has previously granted Plaintiff in forma pauperis status (Doc. 5), I recommend Plaintiff's motion be denied.  A review of the docket in this matter reveals that Plaintiff has not filed a notice of appeal.  The Court entered an order dismissing Plaintiff's case on November 22, 2011.  (Doc. 49).  Thus, any appeal of the court's order of dismissal at this juncture would be untimely.  *See* Fed. R. App. P. 4(a)(1)(A).  In the circumstances, I am

obliged to conclude that Plaintiff's appeal is not brought in good faith where, as here, there is no timely notice of appeal.[1]

Accordingly, for the reasons set forth above, it is RECOMMENDED that the court DENY Plaintiff's motion for leave to proceed in forma pauperis on appeal (Doc. 55). It is RECOMMENDED further that the court direct the Clerk to notify the Court of Appeals of the above rulings in accordance with Rule 24(a)(4) of the Federal Rules of Appellate Procedure.

Respectfully submitted on this
13th day of February 2012.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.

Copies to:
The Honorable Elizabeth A. Kovachevich, United States District Judge
*Pro se* Plaintiff
Counsel of record

---

[1] Plaintiff has since filed another suit against her former employer. *See Powell v. Independent Inventory Service, Inc.*, Case No. 8:12-cv-237-T-30TBM.